# IN RE APPLICATION OF GUST L. RYDIGER FOR MINNESOTA SOLDIERS BONUS.

## GUST L. RYDIGER v. THE SOLDIERS BONUS BOARD OF REVIEW.[1]

May 26, 1922.

No. 22,863.

**Construction of amended Bonus Act — exemption of neutral aliens.**

The amended Bonus Act, Laws 1921, chapter 471, denies additional compensation to those who sought to avoid service upon the ground of alienage; but it provides that one "who was entitled to exemption therefrom as an alien of a neutral country" shall not be deemed to have sought to avoid service. The act had in view the selective service act which made declarant aliens of a neutral country subject to service, and not the principles or practice of international law affecting compulsory military service of aliens; and such a declarant, who sought to avoid military service upon the ground of alienage, although he was afterwards inducted into and performed honorable service, and was admitted to citizenship and received an honorable discharge, is not entitled to additional compensation.

Upon the relation of Gust L. Rydiger the supreme court granted its writ of certiorari directed to the Soldiers Bonus Board of Review to review the action of that board in denying relator's application for a bonus under Laws 1921, c. 471. Affirmed.

*Gustaf E. Drake,* for relator.

*Clifford L. Hilton,* Attorney General, and *Albert F. Pratt,* Assistant Attorney General, for respondent.

[1]Reported in 188 N. W. 557.

DIBELL, J.

Certiorari to review the action of the Soldiers Bonus Board of Review in denying the application of Gust L. Rydiger for a bonus under Laws 1921, p. 774, chapter 471.

The relator was born in Sweden on June 6, 1893, and came to Minnesota in 1913, where he has since resided. On October 28, 1914, he filed his declaration of intention to become a citizen. On June 5, 1917, he registered for the draft under the selective service act and claimed exemption from military service because of alienage. In his questionaire he claimed like exemption. The local draft board denied his claim. He was inducted into service on February 27, 1918. He was honorably discharged at Camp Grant, Illinois, on April 9, 1919, after actual and honorable service. Prior thereto, on April 2, 1919, he was naturalized as a citizen under the provisions of the act of May 9, 1918, 40 St. 542.

The 1921 act denies a bonus to one who has sought to avoid service because of alienage. It defines what is meant by seeking to avoid service on the ground of alienage as follows:

"No person shall be deemed to have sought to avoid service on the ground of alienage, who voluntarily entered the military or naval service of the United States after having been exempted from service because of alienage under the provisions of the selective service act; no person shall be deemed to have sought to avoid service on the ground of alienage who was entitled to exemption therefrom as an alien of a neutral country, but who performed honorable service in the military or naval service of the United States, and was at the time of his discharge from the service a citizen of the United States; or who after receiving an honorable discharge and before the passage of this act has become a citizen of the United States; except as above provided no person who shall have at any time declared his intention of becoming a citizen of the United States and who thereafter sought to avoid service on the ground of alienage shall receive a bonus."

The act of May 18, 1917, chapter 15, 40 St. 76, made "all male citizens, or male persons not alien enemies who have declared their

intention to become citizens, between the ages of 21 and 30 years," liable to military service. The act of July 9, 1918, c. 143, 40 St. 845, 885, substantially continued this provision, but provided that a subject of a neutral country, who had declared his intention of becoming a citizen of the United States, ·might be relieved from liability by making a declaration in accordance with regulations to be prescribed by the President withdrawing his intention to become a citizen of the United States. This operated to cancel his declaration and debarred him from ever becoming a citizen. He did not get an honorable discharge.

The relator sought to avoid service because of alienage. If now entitled to a bonus it is because he was entitled to exemption as an alien of a neutral country. His contention is that he was entitled to such exemption, and therefore that he did not, within the meaning of the act, seek to avoid service.

When it enacted the statute the legislature must be understood as having in mind congressional legislation fixing the status for military purposes of residents who had declared their intention of becoming citizens. Congress had determined that declarant aliens of a neutral country were subject to service. It was not without precedent. See Second Rep. Prov. Mar. Gen. 98; 4 Moore, Int. Law Dig. 51, 54; Taylor, Int. Pub. Law, § 467; In re Wehlitz, 16 Wis. 443, 84 Am. Dec. 700. The legislature did not consider what might be the rights of such aliens under the principles or practice of international law, nor what would be the political action of the executive department of the United States if the governments of the aliens should protest compulsory military service, nor the effect of the government's insistence upon military service in such case. Even when the declarant alien was protected against compulsory military service by a prior treaty between this country and his, the courts have declined to grant him exemption from the selective service act. Ex parte Larrucea, 249 Fed. 981; United States v. Bell, 248 Fed. 992. The legislature when it framed the bonus act did not regard as exempt those whom Congress had declared subject to service. The relator was not entitled to exemption as an alien under the selective service act and is not entitled to a bonus.

The Bonus Act evidently embodies different bills having in view aid to the service men but proceeding from different viewpoints. Its meaning is not always clear. It is for the service man to show that he is within its terms; not for the bonus board to show that he is excluded. It was for the legislature to grant or withhold a bonus as it deemed wise. There may be much doubt whether it had in mind a concrete case such as here presented, for the relator is one of a class upon whom the United States conferred citizenship, because of honorable service, without the requirements exacted of others. He was deemed meritorious by the government. The legislature, however, did not provide that his subsequent military service, however faithful and patriotic, should annul the effect of his seeking to avoid service. The provisions of the bonus act do not give him additional compensation.

Order affirmed.